UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:19-cv-01706-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On September 9, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## ADMINISTRATIVE BACKGROUND

On December 7, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on January 7, 2015. (Administrative Record ("AR") 15, 95, 110.) Plaintiff alleged disability because of an inoperable benign tumor in the spinal cord, nerve pain throughout the back, pain in the back leg, weakness in the left leg all the way to the foot, numbness in the legs, and a tumor between T6-T7 of the spine. (AR 85, 97.) After his claim was denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 122-25.) During a hearing held on July 23, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 35-84.)

In a decision issued on August 15, 2018, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 15-29.) Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of January 7, 2015 through his date last insured of March 31, 2017. (AR 17.) He had severe impairments consisting of thoracic astrocytoma, status-post subtotal resection; malignant neoplasm of the spinal cord; and lumbar spine degenerative disc disease. (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 21.) He had a residual functional capacity for sedentary work with further limitations. (*Id.*) He could not perform his past relevant work in the following occupations: pest control worker; a composite occupation of bartender and delivery driver, route sales; sewer line photo inspector; a composite occupation of grocery clerk and grocery stock clerk; parts clerk; and retail sales worker. (AR 26-27.) He could perform other work in the national economy, as an election clerk, document preparer, and call out operator. (AR 28.) In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 29.)

On July 10, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

1. Whether the ALJ properly evaluated the opinion evidence.
2. Whether the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

(ECF No. 16, Parties' Joint Stipulation ["Joint Stip."] at 3.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on Plaintiff's

subjective symptom testimony. It is therefore unnecessary to address Issue One. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### I. Plaintiff's Subjective Symptom Testimony (Issue Two).
#### A. Legal Standard.

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

///

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on August 15, 2018, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

### B. Background.

In January 2015, an MRI of Plaintiff's thoracic spine revealed a large mass replacing much of the thoracic cord at T4 through T9. (AR 269.) He was found to have a thoracic intradural intramedullary lesion with cord expansion. (AR 369.) In March 2015, he underwent a T5 through T8 laminectomy with partial excision of the tumor; fenestration of a spinal cord cyst from T6 through T7; and T5 through T8 duraplasty. (AR 368.) Biopsy of the tumor revealed a grade 2 astrocytoma. (AR 301.)

After the surgery, a series of MRI scans were stable or showed no evidence that the tumor had progressed. (AR 330, 501, 665, 698, 706.) However, Plaintiff consistently complained of pain or numbness in his back and lower extremities. (AR 329, 473, 500, 555, 680, 698, 705.) He was prescribed pain medications (AR 502, 664, 680, 697, 705), referred to pain management for further treatment options (AR 665, 681, 698, 706).

///

At the administrative hearing, Plaintiff testified about his condition as follows:

He spends most of his time on a reclining couch. (AR 62.) He drives once or twice per week, but it is painful to do so, and he can do it for one to two and a half hours at a time. (AR 41-42.) He uses a computer sparingly. (AR 43.) He can sit in a chair for a couple of hours comfortably. (AR 61.) Standing is harder than sitting, but keeping any position for any amount of time is painful. (*Id*.)

He experiences numbness and tingling throughout his body. (AR 62-63.) The back surgery made his condition worse. (AR 64.) He takes Gabapentin and Lyrica, but they cause side effects that feel like dementia symptoms. (AR 65.)

He lives with his parents. (AR 73.) He does some light housework such as vacuuming, sweeping, and watering the yard. (*Id*.) He can perform his own personal care. (AR 73-74.)

### C.     Analysis.

The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 22-23.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 23.) The ALJ stated two reasons for his findings, which the Court considers in turn.

#### 1.     Improvement in chronic pain syndrome.

The ALJ found that "in September 2016, [Plaintiff's] primary care physician reported [Plaintiff's] chronic pain syndrome had improved." (AR 23.) The report at issue was written by Plaintiff's primary care physician, Dr. Sharma. (AR 843.)

Evidence of improvement in physical pain that is "only partial and short-lived," is "only variable," or lasts for "brief periods of time" is not a clear and

convincing basis to reject a claimant's pain testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). Here, Dr. Sharma's September 2016 report of improvement in Plaintiff's chronic pain syndrome was not substantial evidence showing, clearly and convincingly, that Plaintiff's pain had been alleviated sufficiently such that his testimony regarding pain was incredible.

Dr. Sharma's September 2016 report was the only evidence suggesting some improvement in Plaintiff's pain, but the record on the whole does not contain substantial evidence that any such improvement was significant. At Plaintiff's next visit with Dr. Sharma, six months later, Plaintiff complained of pain in his back that was "aching/stinging/burning." (AR 846.) And near the time of Dr. Sharma's September 2016 report, Plaintiff consistently complained to his other physicians of continuous and severe pain in his back and lower extremities, despite taking prescription pain medications. (AR 697 [May 2016], 664 [August 2016], 680 [November 2016].) Given this medical record as a whole, which the Court is required to consider, *see Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001), Dr. Sharma's single, September 2016 report was not a clear and convincing reason based on substantial evidence to reject Plaintiff's subjective symptom testimony.

### 2. Imaging studies and examinations.

The ALJ also found that "imaging studies of the thoracic spine have been stable with no disease progression" (AR 23) and found that physical examinations resulted in some "normal" findings (*id*.). These objective medical findings cannot be the sole basis for rejecting Plaintiff's subjective symptom testimony. *See Bunnell*, 947 F.2d at 345 ("[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *see also* SSR 16-3P, 2017 WL 5180304,

at *5; 20 C.F.R. § 404.1529(c)(2) (2011).  Thus, this sole remaining reason based on the objective medical evidence, by itself, is insufficient to reject Plaintiff's subjective symptom testimony.  *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

### D. Conclusion.

The ALJ's stated reasons for rejecting Plaintiff's subjective symptom testimony were not clear and convincing reasons based on substantial evidence.  Although the Commissioner states additional possible reasons for discounting Plaintiff's subjective symptom testimony, such as the supposedly conservative nature of Plaintiff's treatment (Joint Stip. at 30), these reasons were not stated by the ALJ.  Thus, the Court cannot review them.  *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) ("Although the ALJ made findings . . . concerning Claimant's treatment . . ., he never stated that he rested his adverse credibility determination on those findings.").  In sum, reversal is warranted.

## II. Remand for Further Administrative Proceedings.

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation of explanation."  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal citations and quotation marks omitted).

This case does not present rare circumstances that would warrant a remedy other than a remand to the agency for further proceedings.   Outstanding factual issues remain, such that further administrative proceedings would be useful.  *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (citing *Treichler*, 775 F.3d at 1101).  For example, the ALJ cited objective medical evidence that showed

Plaintiff's spine was stable and did not show disease progression. (AR 23-24.) Although, as discussed above, this objective medical evidence was insufficient by itself to reject Plaintiff's subjective symptom testimony, it nonetheless was sufficient to suggest an ambiguity or a conflict with that testimony, such that further administrative proceedings would be useful. *See Treichler*, 775 F.3d at 1103-04 (holding that although an ALJ erred in assessing a claimant's testimony, a conflict between that testimony and the objective medical evidence warranted remand for further proceedings). Accordingly, this case "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496.

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: December 4, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE